# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| **MARK A. MOORE,** *et al.* | * |
| | * |
| **Plaintiff** | * |
| | * |
| v. | *    Case No. 4:05CV00011 GH/JFF |
| | * |
| **SHERIFF RANDY JOHNSON,** *et al.* | * |
| | * |
| **Defendants** | * |

## RECOMMENDED DISPOSITION

**A**.    **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**B. DISPOSITION**

Plaintiff Moore filed this action on January 4, 2005( docket entry #2) along with Plaintiffs Robert C. Bolton and Uaron J. Mason while confined in the Pulaski County Regional Detention Facility. Plaintiffs Uaron Mason and Mark Moore were granted *in forma pauperis* status (docket entry #9). Mail addressed to Plaintiff Bolton was returned, and he never submitted documentation in compliance with 28 U.S.C. Section 1915 nor did he pay the statutory filing fee. On April 13, 1005, the Court ordered the Plaintiffs to file an Amended Complaint and to provide the Court with proof that they exhausted their administrative remedies on each claim. For the reasons that follow, the Court recommends that this action be dismissed because Plaintiff Moore has failed to exhaust his administrative remedies, and Plaintiff Mason has failed to state a claim

for relief against the Defendants.[1]

### 1. Plaintiff Moore

The Prison Litigation Reform Act (the "Act") provides that "[no] action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. Section 1997e(a). Thus, the Act has made exhaustion a mandatory step prior to the commencement of a lawsuit. The premise was affirmed by the Supreme Court in *Booth v. Churner,* wherein the Court stated that available remedies "must be 'exhausted' before a complaint under § 1983 may be entertained." 532 U.S. 731, 738 (2001) and *see also Porter v. Nussle,* 534 U.S. 516, 524 (2002). Following *Booth*, this Circuit stated that "[u]nder the plain language of 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). In *Chelette v. Harris*, the Court stated, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. . . . [Plaintiff] failed to do so, and so his complaint must be dismissed, for "we are not free to engraft upon the statute an exception that Congress did not place there." 229 F.3d 684, 687 (8th Cir. 2000), *cert. denied*, 531 U.S. 1156 (2001). Further, it is well established that when "multiple prison condition claims have been joined . . . that all available prison grievance remedies must be exhausted as to all of the claims." *Graves v. Norris*,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are: (a) legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915.

218 F.3d 884 (8th Cir. 2000).

The Eighth Circuit has addressed whether a court may properly allow a prison conditions case to proceed if the inmate exhausts administrative remedies during the pendency of the action. *Johnson v. Jones*, 340 F.3d 624 (8th Cir. 2003). In *Johnson*, neither inmate had exhausted all available administrative remedies at the time each filed their complaint in district court. *See id*. at 626. However, by the time the district court ruled upon the defendants' motion to dismiss for failure to exhaust, exhaustion was complete. *See id.* For this reason, the district court denied the pending motions to dismiss, and the defendants appealed asserting that the district court erred because 42 U.S.C. Section 1997e(a) requires an inmate to exhaust the allegations contained in the complaint prior to the initiation of the action. *See id.* In *Johnson,* the Court overruled prior Eighth Circuit authority in light of the Supreme Court's decision in *Booth v. Churner*, 532 U.S. 731 (2001) and *Porter v. Nussle*, 534 U.S. 516 (2002) stating, "[p]ermitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) and . . . the language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such action rather than issuing continuance so that exhaustion may occur. *Id*. at 627-28. Although the appellate panel refused to reverse the decision of the district court for certain stated reasons, it made clear that for future cases raising the same issue, dismissal is mandatory. "[W]e reiterate that should the district court be faced with identical circumstances in the future, dismissal is required under section 1997e(a). *Id.* 628. The holding was reaffirmed in *McAlphin v. Toney*, in which the Court held that even if an inmate is seeking to proceed pursuant to the "imminent danger" exception to 28 U.S.C. Section 1915(g), he must nonetheless pursue all available administrative remedies before filing suit in district

4

court. 375 F.3d 753 (8th Cir. 2004).

Plaintiff Moore filed a Motion to Continue on May 23, 2005 (docket entry #13) stating that he needs additional time to exhaust his administrative remedies because he is presently waiting for a response on his grievances. He filed another such motion on June 24, 2005 (docket entry #18) requesting that the Court continue the case until such time that he is able to exhaust his grievances. Under the provisions of the PLRA and interpreting case law, the undersigned recommends that Plaintiff Moore's claims be dismissed due to his admission that he failed to exhaust his administrative remedies prior to filing suit.

## 2. Plaintiff Mason

In response to the Court's Order, Plaintiff Mason filed an Amended Complaint on May 10, 2005 (docket entry #12). The Amended Complaint is not exactly a model of clarity. Plaintiff Mason states that he submitted a grievance on January 13, 2005, to obtain information on his "pass history for administrative segregation." He states that the jail's response indicates that someone within the facility is altering his "pass book-in number" from 28519-99 to 28195-99, and the report had a "false history behind the book-in number for the year of 1999." He recounts events from his incarceration in 1999. Plaintiff states he wrote a grievance on the subject of the 1999 events later in 2002, and he never received a response. At some unspecified time, he alleges that he was held thirteen days past his release date after I "request my 10 days (M.G.T.)." He states that during 2002 and when he was again incarcerated twice during 2004, he was held in the "T-unit" on "full restraints and administrative segregation" without any disciplinary action.

Personal involvement is an essential element of a civil rights claim, and liability cannot be premised upon *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362 (1976) and *Beck v.*

5

*LaFleur*, 257 F.3d 764 (8th Cir. 2001); *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997) (supervisor can be liable under § 1983 only if he directly participated in the constitutional violation, or if his failure to train or supervise caused the deprivation); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). In his Amended Complaint, Plaintiff makes absolutely no reference to the Defendants. Accordingly, he has failed to state a claim for relief against them, and the undersigned recommends that Mason's claims against the Defendants be dismissed.

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff Moore's Complaint (docket entry #2) be dismissed without prejudice due to his failure to exhaust his administrative remedies;

2. Plaintiff's Mason's Amended Complaint (docket entry #12) be dismissed with prejudice due to his failure to state a claim upon which relief can be granted, and the dismissal of Mason's Amended Complaint be deemed a strike for purposes of 28 U.S.C. Section 1915(g);

3. All pending motions be DENIED as moot (docket entry #13, #18 and #19).

DATED this 15th day of July, 2005.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT